The case is a novel one on its facts. Nevertheless the principles of law to be applied in the determination of the issues raised by the pleadings are of the stock variety. Plaintiff's complaint is in two counts, the first based on allegations of negligence and the second on alleged breach of the terms of an express agreement between the parties de recording of the D'Andrea conditional sale contract in the Town Clerk's office of New Haven.
It would serve no useful purpose to set out in detail the subordinate facts of the case in this memorandum. Rather, it is deemed sufficient to say that the plaintiff has satisfied the court that its allegations de facts under both counts constitute the true subordinate facts of the case.
The court concludes as follows on the evidence and in the light of the controlling principles of law:
1. That under the first count of the complaint:
(a) The defendant was negligent in recording the D'Andrea conditional sale contract in the Town Clerk's office of West Haven;
(b) Had it exercised due care commensurate with the existing circumstances it would have recorded such contract in the Town Clerk's office of New Haven (where D'Andrea resides) in conformity with the statute (Gen. Stat. [1930] § 4697) which requires that all conditional bills of sale must be filed in the Town Clerk's office where the conditional vendee resides;
(c) That such negligence was the proximate cause of the plaintiff's damages hereafter considered;
(d) That the plaintiff was guilty of no negligence which materially contributed to the damages it has sustained.
2. That under the second count of the complaint:
(a) The defendant breached its agreement with the plaintiff in filing the D'Andrea conditional sale contract in the Town Clerk's office of West Haven rather than in the Town Clerk's office of New Haven:
(b) This breach of agreement resulted in the plaintiff sustaining the damages hereafter considered. *Page 101 
3. That the issues should, and are, found for the plaintiff under both counts of the complaint.
It remains now to consider the question of damages only.
The conditional sale contract in question was executed on June 7, 1939, by Edward D'Andrea, Jr., as "purchaser" and the plaintiff as "seller." The amount of the contract, less a down payment, was $1,568 and related to goods, wares and merchandise therein described and delivered to D'Andrea. On June 22, 1939, following negotiations, this contract was assigned by the plaintiff to the defendant and was to be properly recorded by the latter (but was not, supra); on June 27, 1940, the defendant in turn assigned the contract to the Industrial Securities Corporation "without recourse." The principal obligation of D'Andrea on the occasion of the latter assignment had been reduced to $1,222.50.
On December 20, 1940, D'Andrea was adjudicated a bankrupt in the United States District Court for the District of Connecticut. His obligation under the contract at that time amounted to $982.50. It was only at the commencement of the bankruptcy proceedings that the plaintiff learned for the first time of the mistake of the defendant respecting the recording of the contract in West Haven rather than in New Haven. This information together with a reservation of rights was conveyed to the defendant by the plaintiff's attorney in the form of a letter. Demand having been made upon the plaintiff by the Industrial Securities Corporation to reimburse it for the sum of $985.20 owing to it under the contract, which demand the plaintiff complied with by paying, the plaintiff diligently instituted and pursued reclamation proceedings in the federal court. But this was of no avail. On January 2, 1941, the reclamation petition was denied because of the improper recording of the contract in the first instance in West Haven rather than in New Haven in contravention of section 4697 of the General Statutes, Revision of 1930. The short of the matter, therefor, was that the property constituting the subject matter of the conditional sale contract was ordered sold by the referee free of lien and that the balance of $982.50 due the plaintiff was allowed only as a general claim subject to dividends, if any.
The principal obligation of $982.50 has been reduced to $746.70 by two dividends (a first and a final) as follows: *Page 102 
 Principal obligation ..................... $982.50 March 3, 1941, div. of 10%, $ 98.25 Aug. 11, 1941, div. of 14%, 137.55 235.80 ------- $746.70
The plaintiff, in the assessment of damages, is entitled to interest in the amount of $105.24 on the bases of 6% per annum computed as follows:
 Principal obligation ........... $982.50 Interest to March 3, 1941, the date of the first div. of 10% ...................... $ 9.69 Interest (after deducting the 10% div. of $98.25) from March 4, 1941, to August 11, 1941, when the final div. of 14% was paid .............................. 23.26 Interest (after deducting the 14% div. of $137.55) from August 12, 1941 to date of trial, March 24, 1943 .............. 72.29 ------- $105.24
 The issues having been found for the plaintiff, judgment will enter for the plaintiff to recover of the defendant damages